# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCCRORY, Minors.

UNPUBLISHED
May 31, 2016

No. 329452
Wayne Circuit Court
Family Division
LC No. 11-498542-NA

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her minor children, SM, LM, and JM under MCL 712A.19b(3)(a)(*ii*), (g), and (j).[1] We affirm.

This case arises from respondent's failure to care for her children. The children were removed from her home in July of 2014 based on reports that she was acting erratically and threatening to hit the children with an extension cord. From July 2014 to July 2015, respondent did not visit her children once, and did not take part in any of the services offered to her as part of her parenting agreement.

On appeal, respondent argues that the trial court clearly erred when it terminated her parental rights. We disagree.

We "review for clear error a trial court's factual findings as well as its ultimate determination that a statutory ground for termination of parental rights has been proved by clear and convincing evidence." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "A finding is clearly erroneous [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id.* (citation and quotation marks omitted). We further review "de novo the interpretation and application of statutes and court rules." *Id.* We also review for clear error the trial court's decision that termination is in the child's best interest. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

---

[1] Three respondent fathers' parental rights to the three children were terminated in the same order as well. NO Jones is the father of LM. However, the fathers of SM and JM are unknown. None of the fathers have appealed.

# I. STATUTORY GROUNDS

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). If a statutory ground has been proven by clear and convincing evidence, but one or more other grounds were erroneously relied upon for termination, the error is harmless, as only one statutory ground is required for termination. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

Respondent's parental rights were terminated under MCL 712A.19b(3)(a)(*ii*), (g), and (j). The relevant provisions of MCL 712A.19b(3) provide the following:

\* \* \*

(a) The child has been deserted under . . . the following circumstances:

\* \* \*

(ii) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Clear and convincing evidence was presented to support each of the statutory grounds used for termination. MCL 712A.19b(3)(a)(*ii*) was supported by evidence that respondent had entirely failed to see her children throughout the pendency of her case—a period stretching from July 2014 to June/July 2015. Moreover, she failed to participate in *any* services or classes required as part of her parent agency plan. Also, respondent failed to offer any financial support for the children throughout the duration of the case. Respondent's complete failure to see her children and participate in her plan for almost one year easily satisfies this statutory ground. This Court, in *In re Laster,* 303 Mich App 485, 492-493; 845 NW2d 540 (2013), held as much even where the respondent parent actually made some contact by telephone with his children. This Court held that MCL 712A.19b(3)(a)(*ii*) was satisfied where the respondent father failed to see his children or provide any support for them, despite the existence of "some phone contact." *Id.*

Termination under MCL 712A.19b(3)(g) was also supported by the evidence that respondent entirely failed to see her children and to participate in her plan for almost one year. Such conduct establishes that respondent failed to provide proper care or custody, and that there is no reasonable expectation that she could do so within reasonable time considering the age of the children. The Michigan Supreme Court has instructed that "a parent's failure to comply with the parent-agency agreement is evidence of a parent's failure to provide proper care and custody for the child." *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). Accordingly, in *In re Laster*, 303 Mich App at 494, this Court held that this statutory ground was satisfied based on the respondent father's failure to see his children and participate in offered services: "[H]e did not provide support for the children, he failed to make himself available for a home assessment, he did not participate in other voluntary services, such as therapy and parenting classes, and he had not visited the children while [the] case was pending." The situation is identical here, and therefore, this statutory ground was supported by clear and convincing evidence.

While the evidence pertaining to MCL 712A.19b(3)(j) is weaker than the evidence used to support the other two statutory grounds, we are not "left with the definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich at 152 (citation and quotation marks omitted). Evidence of respondent's untreated mental health issues did not explicitly suggest that she was dangerous to anyone—merely that she gave nonsense answers when questioned by social workers. The substance of the evidence of respondent's mental illness consisted of mere declaratory statements that she indeed had bipolar disorder and schizophrenia. This Court has upheld termination under MCL 712A.19b(3)(j) when a parent actually harmed a child due to mental health conditions or placed the child in harm's way as a result of the mental health conditions. See, e.g., *In re Gonzales/Martinez*, 310 Mich App 426, 433-434; 871 NW2d 868 (2015) (holding that statutory ground was satisfied where emotionally unstable parent had a history of assault and actually slapped her child when the child told her that she was sexually abused); *In re Utrera*, 281 Mich App 1, 24-25; 761 NW2d 253 (2008) (holding that statutory ground was supported when, among other things, bipolar parent allowed abusive men to live with her). Evidence was presented, however, that respondent had threatened the children with an extension cord on July 8, 2014, and that she was subsequently taken to a hospital for psychological evaluation due to her "psychotic" state. While no evidence was presented that the children were actually harmed, respondent left her mental health issues untreated throughout the duration of the case. Ultimately, the evidence presented reasonably supports the conclusion that respondent, due to her mental health conditions, threatened her children, and that there is a reasonable likelihood that the children will be harmed if they are returned to her.

## II. BEST INTERESTS

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The trial court must find that termination is in the child's best interests by a preponderance of the evidence. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "The trial court should weigh all the evidence available to determine the children's best interests." *Id.* "To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality,

and the advantages of a foster home over the parent's home." *Id.* (citation and quotation marks omitted). Furthermore, a parent's mental health and substance abuse problems may be considered in determining best interests. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).

Sufficient evidence was presented to support the trial court's conclusion that termination was in the children's best interests. Paramount to this conclusion is the fact that respondent and the children shared no bond. The caseworker handling respondent's case testified, "I've been the case worker since July of last year, [and] the children have never asked me about their Mother." Respondent did not see her children once throughout the year-long case. Respondent also did not participate in any services or attempt to take steps to get her children back. It is clear that there was no demonstrated bond between respondent and her children. Moreover, respondent's failure to participate at all in her plan reflects a reasonable probability that she does not possess necessary parenting abilities and skills. Additionally, termination affords the children permanency and stability, as they would no longer have to endure additional months of uncertainty as a result of their mother's failure to act. The trial court did not err in finding that termination was in the children's best interests.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro